USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _______________
DATE FILED: 10/8/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RODERIC JAMES MCCORD,

Plaintiff,

-v-

HON. DAVID B. COHEN, *et al.*,

Defendants.

1:26-cv-3442-GHW

ORDER OF SERVICE

GREGORY H. WOODS, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action asserting constitutional claims pursuant to 42 U.S.C. § 1983, the Americans with Disabilities Act ("ADA"), and Article 36 of the Vienna Convention on Consular Relations. By order dated July 9, 2026, Chief Judge Swain granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

## I. LEGAL STANDARD

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006) (internal quotation marks and citations omitted).

## II. BACKGROUND

The following facts are drawn from the second amended complaint.[1] Dkt. No. 11-1. Plaintiff is a veteran who is "90%" to "100%" disabled, and a Canadian national residing in New York County. *Id.* at 1–2. On October 15, 2025, New York City Police Department ("NYPD") officers from the 9th Precinct arrested Plaintiff for driving under the influence ("DUI"). Plaintiff was cooperative, but the officers allegedly "falsified official records" to show that he refused to submit to a field sobriety test or other screening. *Id.* ¶¶ 5, 18–19. Plaintiff further claims that the officers denied his request to communicate with the Canadian consulate and held him "incommunicado" for an unspecified period of time. *Id.* ¶ 20. The state court criminal proceedings relating to that arrest appear to be ongoing in the Criminal Court of the City of New York, New York County.[2]

Plaintiff filed a wrongful arrest lawsuit against the NYPD in the New York Supreme Court, New York County, arising from the 2025 arrest, under Index No. 101189/2025. *Id.* ¶¶ 14–15. The civil action was assigned to the Hon. David B. Cohen. *Id.* At the time, Plaintiff had an unrelated medical malpractice matter pending before Judge Cohen. *Id.* ¶¶ 11–13.

Plaintiff claims that on or about January 27, 2026, Judge Cohen dismissed the malpractice case after Plaintiff did not appear for a court date during a "historic winter storm." *Id.* ¶¶ 11–13. According to Plaintiff, Judge Cohen "fabricated . . . weather data" and described the conditions as "trace snow," although the mayor issued a "hazardous travel advisory." *Id.* at 1, ¶¶ 11–12. Plaintiff

---

[1] There are pending motions for leave to file amended pleadings and to submit evidence in support of those pleadings. Dkt. Nos. 9, 11. Those motions are granted because the Court accepts the second amended complaint as the operative pleading. Dkt. No. 11-1.

[2] Plaintiff submitted a transcript from a June 29, 2026 hearing in that matter. Dkt. No. 12.

characterizes the dismissal of the malpractice case on that ground as a failure to reasonably accommodate his disability.[3] *Id.* ¶ 13.

Plaintiff further alleges that, in "direct retaliation for" his "challenging" the dismissal of the malpractice case and "seeking federal relief," Judge Cohen "maliciously targeted" the civil case against the NYPD by "fraudulently alter[ing] the court's computer system" and "retroactively modif[ying]" the docket to "show a 'Disposition Date' of March 11, 2026, effectively dismissing the case." *Id.* ¶¶ 14–15. Plaintiff claims that no "motion was pending, no hearing took place on March 11, 2026, and no Notice of Entry was ever served." *Id.* ¶ 16. He further states that the alleged alteration of the state court record impeded his ability to pursue appellate review:

> This structural manipulation of the court record directly infected the appellate machinery. On May 15, 2026, Appellate Clerk Kam Yuen explicitly refused to file Plaintiff's appeal, stating verbatim that "there isn't a real order from Judge Cohen that exists." This administrative obstruction rendered state appellate remedies entirely unavailable and futile.

*Id.* ¶ 17.

In addition to the October 15, 2025 DUI arrest, Plaintiff identifies three other arrests that he alleges were wrongful: an August 17, 2023 Bronx County arrest, a May 23, 2025 Queens County arrest, and a January 1, 2026 New York County arrest. *Id.* ¶¶ 22–23. Plaintiff alleges that the four arrests, considered together, constitute a "relentless custom and practice of false arrests and malicious prosecutions executed against [him] by the City of New York and the NYPD." *Id.*

Based on these allegations, the second amended complaint asserts seven claims: a violation of procedural due process under the Fourteenth Amendment against Judge Cohen (Count I); an ADA claim against Judge Cohen and the State of New York (Count II); a First Amendment

[3] An attachment to Plaintiff's original complaint shows that on April 21, 2026, Judge Cohen denied Plaintiff's motion to restore the action to active status. Dkt. No. 1 at 8–9. Judge Cohen explained in that order that, in addition to failing to appear on January 27, 2026, Plaintiff (1) failed to oppose a motion to strike his complaint; (2) "repeatedly" violated discovery orders; and (3) "revoked" authority authorizing the defense to access his medical records. *Id.*

retaliation claim against Judge Cohen (Count III); a claim under Article 36 of the Vienna Convention against the City, NYPD, and NYPD officers (Count IV); a false arrest and evidence fabrication claim under the Fourth and Fourteenth Amendments against the City, NYPD, and NYPD officers (Count V); a municipal liability claim against the City under *Monell v. Department of Social Services*, 436 U.S. 658 (1978) (Count VI); and a malicious prosecution claim under Section 1983 against the City and NYPD (Count VII). *Id.* ¶¶ 24–30. Plaintiff seeks $500 million in damages, declaratory relief, and an injunction "staying the effect of the fraudulent state court dismissals pending the resolution of this federal inquiry." *Id.* at 5.

## III. DISCUSSION

### A. Counts V–VII: Section 1983 Claims Arising from Allegedly False Arrests

#### 1. Claims Against the NYPD

The Court must dismiss Counts V and VII as asserted against the NYPD because the NYPD is not a suable entity. N.Y. City Charter ch. 17, § 396 ("All actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Edwards v. Arocho*, 125 F.4th 336, 354 (2d Cir. 2024) ("A plaintiff cannot bring a claim against a municipal agency that does not have the capacity to be sued under *its municipal charter*." (emphasis in original)); *Emerson v. City of New York*, 740 F. Supp. 2d 385, 395–96 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency."). The Court dismisses Counts V and VII against the NYPD for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

#### 2. Waiver of Service

The Clerk of Court is directed to electronically notify the New York City Police Department and the New York City Law Department of this order. The Court requests that the City of New

York waive service of summons and that the New York City Law Department respond as directed in the *Valentin* order discussed below.

### 3. Amending the Caption

Plaintiff alleges that NYPD officers falsely arrested him on four occasions. Under Rule 21 of the Federal Rules of Civil Procedure, the Court, on its own motion, "may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21; *see Anwar v. Fairfield Greenwich, Ltd.*, 118 F. Supp. 3d 591, 618–19 (S.D.N.Y. 2015) (Rule 21 "afford[s] courts discretion to shape litigation in the interests of efficiency and justice."). The Court directs the Clerk of Court to add "John or Jane Doe NYPD officers" as Defendants, under Rule 21.

### 4. *Valentin* Order

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the second amended complaint, Plaintiff supplies sufficient information to permit the New York City Law Department to identify the John or Jane Doe police officers who arrested Plaintiff on the following dates: (1) January 1, 2026 (New York Criminal Court, Dkt. No. CR-000136-26NY); (2) May 23, 2025 (Queens Criminal Court, Dkt. No. CR-019549-25QN); (3) October 15, 2025 (New York Criminal Court, Dkt. No. CR-032504-25NY); and (4) August 17, 2023 (Bronx Criminal Court, Dkt. No. HGJ-73890-23/001). Dkt. No. 11-1 at 3.

It is therefore ordered that the New York City Law Department, which is the attorney for and agent of the NYPD, must ascertain the identity and badge number of each John or Jane Doe whom Plaintiff seeks to sue here and the address where each defendant may be served.[4] The New

[4] If a Doe defendant is a current or former NYPD employee or official, the New York City Law Department should note in the response to this order that an electronic request for a waiver of service can be made under the e-service agreement for cases involving NYPD defendants, rather than by personal service. If the Doe defendant is not a current NYPD employee or official, the New York City Law Department must provide a residential address where the individual may be served.

York City Law Department must provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must file a third amended complaint naming the John or Jane Doe defendants. The third amended complaint will replace, not supplement, the second amended complaint. An amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed a third amended complaint, the Court will screen the third amended complaint and, if necessary, issue an order asking Defendants to waive service.

**B. Count IV: Claim Under Article 36 of the Vienna Convention**

Plaintiff asserts that NYPD officers violated his right to communicate with the Canadian Consulate after he was arrested. The Second Circuit and other courts have held that Article 36 of the Vienna Convention does not create a private, enforceable right of action that is enforceable under Article 36 or Section 1983. *See De Los Santos Mora v. New York*, 524 F.3d 183, 195, 209 (2d Cir. 2008) (concluding that the "requirement that an alien be informed of consular notification and [provided] access in [Article 36] . . . does not establish a right in the alien that can be vindicated"); *Cornejo v. Cnty. of San Diego*, 504 F.3d 853, 860 (9th Cir. 2007) (holding that Article 36 of the Vienna Convention does not create judicially enforceable rights that may be vindicated in an action under Section 1983); *Johnson v. City of New York*, No. 12-CV-9242, 2014 WL 323595, at *2 (S.D.N.Y. Jan. 28, 2014) (same).

Plaintiff's assertion, therefore, does not state a claim under Article 36 or Section 1983, and the Court dismisses Count IV for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### C. Counts I–III: Claims Arising from Events in State Court

#### 1. Eleventh Amendment

To the extent that Counts I and III, which arise under Section 1983, seek damages, retrospective injunctive relief, or retrospective declaratory relief against Judge Cohen in his official capacity, the Court must dismiss those claims under the doctrine of Eleventh Amendment immunity. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogate[d] the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (internal quotation marks and citation omitted). "[T]he immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id.* (internal quotation marks and citation omitted). This immunity shields States and their agencies from claims for money damages, retrospective injunctive relief, and retrospective declaratory relief. *See Green v. Mansour*, 474 U.S. 64, 72–74 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101–02 (1984). "To the extent that a state official is sued . . . in his official capacity, such a suit is deemed to be a suit against the state, and the official is entitled to invoke the Eleventh Amendment immunity belonging to the state." *Ying Jing Gan v. City of New York*, 996 F.2d 522, 529 (2d Cir. 1993). Thus, the Eleventh Amendment also precludes claims against individual state officials, in their official capacities, for damages, retrospective injunctive relief, and retrospective declaratory relief. *See Green*, 474 U.S. at 72–74; *Halderman*, 465 U.S. at 101–02; *Exxon Mobil Corp. v. Healey*, 28 F.4th 383, 392 (2d Cir. 2022).

Judges of the State of New York, when sued in their official capacities, also enjoy Eleventh Amendment immunity. *Libertarian Party of Erie Cnty. v. Cuomo*, 970 F.3d 106, 122–23 (2d Cir. 2020) (affirming dismissal of suit against New York State judges for damages pursuant to the Eleventh Amendment), *abrogated on other grounds*, *N.Y.S. Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022);

*Sundwall v. Leuba*, 28 F. App'x 11, 12 (2d Cir. 2001) (summary order) (applying Eleventh Amendment immunity to state court judges); *see, e.g.*, *Martinez v. Queens Cnty. Dist. Att'y*, No. 12-CV-6262, 2014 WL 1011054, at *8 n.8 (E.D.N.Y. Mar. 17, 2014) ("[P]laintiff's claims against the state courts and the individual judges, to the extent that plaintiff is suing the judges in their official capacities, are barred under the Eleventh Amendment."), *aff'd*, 596 F. App'x 10 (2d Cir. 2015); *McKnight v. Middleton*, 699 F. Supp. 2d 507, 521–23 (E.D.N.Y. 2010) (dismissing claims asserted against Kings County judge in her official capacity on sovereign immunity grounds).

Congress has not abrogated the States' immunity for claims under Section 1983, *see Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990), and the State of New York has not waived its immunity to suit in federal court, *see Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Accordingly, to the extent Plaintiff is asserting Section 1983 claims for retrospective injunctive relief and retrospective declaratory relief against Judge Cohen in his official capacity, those claims are barred by the Eleventh Amendment and dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *Close v. New York*, 125 F.3d 31, 38–39 (2d Cir. 1997) ("[U]nless New York waived its immunity, the district court lacked subject matter jurisdiction."); *Atl. Healthcare Benefits Tr. v. Googins*, 2 F.3d 1, 4 (2d Cir. 1993) ("Although the parties do not address the Eleventh Amendment in their briefs, we raise it *sua sponte* because it affects our subject matter jurisdiction."). This determination does not address Plaintiff's separate Title II ADA claim against the State of New York, which is addressed below.

**2. Judicial Immunity**

The Court must dismiss Counts I through III under the doctrine of judicial immunity to the extent that they seek damages or injunctive relief against Judge Cohen in his individual capacity. Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or

related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994).

With respect to Count II, this immunity extends to allegations that a judicial officer violated the ADA. *See, e.g.*, *Suarez v. Park Lane Mgmt. Corp.*, No. 25-CV-0919, 2025 WL 3019894, at *3 (S.D.N.Y. Oct. 28, 2025) (holding that judicial immunity applied to claim that state-court judge's decision to hold a remote hearing violated the ADA because the decision "was made in her judicial capacity"); *Richter v. Conn. Jud. Branch*, No. 12-CV-1638, 2014 WL 1281444, at *10 (D. Conn. Mar. 27, 2014) (dismissing on judicial immunity grounds reasonable accommodation claim raised in connection with state-court proceeding), *aff'd*, 600 F. App'x 804 (2d Cir. 2015).

Judicial immunity does not apply when the judge takes action "outside" his judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles*, 502 U.S. at 9–10; *see also Bliven*, 579 F.3d at 209–10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978).

Section 1983, as amended in 1996, provides that, "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Where an appeal is available, declaratory relief is available. *See, e.g.*, *Newsome v. Scheininger*, No. 24-CV-5265, 2024 WL 4467415, at *4 (S.D.N.Y. Oct. 10, 2024) ("[T]he 1996 Amendments to Section 1983 bar Plaintiff's claims for injunctive relief against [the defendant]. Plaintiff's remedy, if any, was to pursue his appeal rights within the state court system, and he cannot obtain injunctive relief from this Court under Section 1983."); *Davis v. Campbell*, No. 13-CV-0693, 2014 WL 234722, at

*9 (N.D.N.Y. Jan. 22, 2014) ("[D]eclaratory relief against a judge for actions taken within his or her judicial capacity is ordinarily available by appealing the judge's order.").

Here, Plaintiff fails to allege facts showing that Judge Cohen, by issuing orders in matters before him, acted beyond the scope of his judicial responsibilities or outside his jurisdiction. *See Mireles*, 502 U.S. at 11–12. These allegations relate to "acts arising out of, or related to, individual cases before" Judge Cohen, and the judge therefore enjoys judicial immunity. *Bliven*, 579 F.3d at 210. Plaintiff may not seek injunctive and declaratory relief against the judge because he alleges no facts suggesting that the judge violated a declaratory decree or that declaratory relief was unavailable.

Although Plaintiff alleges that an appellate clerk refused to accept his notice of appeal challenging the dismissal of the wrongful arrest case, he could have filed a petition pursuant to New York Civil Practice Law and Rules ("C.P.L.R.") Article 78, which may be brought to compel a government official to perform a mandatory duty required by law. *See N.Y. State Nat'l Org. for Women v. Pataki*, 261 F.3d 156, 168 (2d Cir. 2001); *Brusco v. Braun*, 621 N.Y.S.2d 291, 292 (1994) (affirming grant of Article 78 petition and directing entry of judgment); *see also Vialez v. N.Y.C. Hous. Auth.*, 783 F. Supp. 109, 113 (S.D.N.Y. 1991) (holding that "if a plaintiff had an opportunity to contest a defendant's actions but failed to do so, there can be no claim for violation of his or her procedural due process rights under 42 U.S.C. § 1983").[5] Accordingly, because the state courts provide the opportunity to pursue an appeal, Plaintiff cannot allege that the appellate process was foreclosed to him.

[5] There may have been other possible state-court remedies. *Cf. Kubiszyn v. Terex Div. of Terex Corp.*, 607 N.Y.S.2d 832 (4th Dep't 1994) (excusing failure to timely file notice of appeal, based on clerk's improper rejection of filing pursuant to C.P.L.R. § 5520(a)); *Hans-Gaston v. Sunshine*, 257 N.Y.S.3d 645 (Sup. Ct. 2025) (holding, in Article 78 proceeding, that court clerk's protocol for processing applications for removal was unlawful and directing clerk to accept and process such filings).

Accordingly, the Court dismisses with prejudice Counts I through III against Judge Cohen in his individual capacity under the doctrine of judicial immunity and, consequently, as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (iii); *Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011).

**3. Misjoinder of Claims**

Rules 18 and 20 of the Federal Rules of Civil Procedure govern the joinder of claims and parties, respectively. Rule 18 permits a plaintiff to join as many claims as he has against a particular defendant. *See* Fed. R. Civ. P. 18(a). By contrast, under Rule 20, a plaintiff may not pursue unrelated claims against multiple defendants. *Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154, 167 (S.D.N.Y. 2009). Rule 20(a)(2) permits a plaintiff to join multiple defendants in one action if: (1) a right to relief is asserted against all of the defendants, or the claims arise out of the same transaction, occurrence, or series of transactions, and (2) questions of law or fact are common to all defendants. *See id.* Although courts have interpreted Rule 20(a) liberally to allow related claims to be tried within a single proceeding, *Barr Rubber Products Co. v. Sun Rubber Co.*, 425 F.2d 1114, 1126-27 (2d Cir. 1970), "the mere allegation that Plaintiff was injured by all Defendants is not sufficient to join unrelated parties as defendants in the same lawsuit pursuant to Rule 20(a)," *Deskovic*, 673 F. Supp. 2d at 167.

Misjoinder of parties is not a ground for dismissing an action, but a court has discretion at any time, *sua sponte* or on motion, to add or drop a party. Fed. R. Civ. P. 21. "[I]f a court concludes that defendants have been improperly joined under Rule 20, it has broad discretion under Rule 21 to sever parties or claims from the action." *Deskovic*, 673 F. Supp. 2d at 159–60 (citing Fed. R. Civ. P. 21). In determining whether to sever a claim, courts consider "the two requirements of Rule 20 and additional factors, including (1) whether severance will serve judicial economy; (2) whether prejudice to the parties would be caused by severance; and (3) whether the claims involve different witnesses and evidence." *Kehr v. Yamaha Motor Corp.*, 596 F. Supp. 2d 821, 826 (S.D.N.Y. 2008) (relying on *Laureano v. Goord*, No. 06-CV-7845, 2007 WL 2826649, at *8 (S.D.N.Y. Aug. 31, 2007)). Put simply,

courts "look to the logical relationship between the claims and determine 'whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit.'" *Kalie v. Bank of Am. Corp.*, No. 12-CV-9192, 2013 WL 4044951, at *3 (S.D.N.Y. Aug. 9, 2013) (quoting *United States v. Aquavella*, 615 F.2d 12, 22 (2d Cir. 1979)).

Here, Plaintiff asserts that NYPD officers falsely arrested him several times pursuant to an alleged policy or practice of the City of New York. Plaintiff names the City of New York as a Defendant in connection with those claims, and the Court has directed the City and the NYPD to identify the officers who were involved in the alleged false arrests.

Plaintiff's ADA claim against the State of New York, on the other hand, arises from allegations that his state-court lawsuits were adjudicated improperly and in a discriminatory manner. Although the Court recognizes that one of the state-court lawsuits asserted a wrongful arrest cause of action, Plaintiff's claims arising from events in the state court involve entirely different defendants, legal claims, witnesses, and evidence than his claims related to the alleged false arrests. Accordingly, the Court severs Plaintiff's ADA claim against the State of New York and dismisses that claim without prejudice to his bringing that claim in a separate civil action.

## IV. CONCLUSION

The Court dismisses with prejudice Counts V and VII against the NYPD and Count IV against all Defendants for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Court dismisses without prejudice Counts I and III against Judge Cohen in his official capacity for lack of subject matter jurisdiction under the Eleventh Amendment. *See* Fed. R. Civ. P. 12(h)(3). The Court dismisses Counts I, II, and III with prejudice against Judge Cohen in his individual capacity, with prejudice, under the doctrine of judicial immunity. *See* 28 U.S.C. § 1915(e)(2)(B)(iii). Plaintiff's Title II ADA claim against the State of New York is dismissed

without prejudice as misjoined. *See* Fed. R. Civ. P. 20, 21. For the avoidance of doubt, the only claims that may proceed in this action are Counts V, VI, and VII against the City of New York and Count V against the John or Jane Doe NYPD officers to be identified pursuant to the *Valentin* order.

The Court directs the Clerk of Court to add as Defendants to the caption "John or Jane Doe NYPD officers." *See* Fed. R. Civ. P. 21.

The Court directs the Clerk of Court to electronically notify the NYPD and the New York City Law Department of this order. The Court requests that the City of New York waive service of summons and that the New York City Law Department respond as directed in the *Valentin* order discussed above.

The Clerk of Court is directed to mail a copy of this order and an information package to Plaintiff.

Plaintiff may receive court documents by email by completing a Consent to Electronic Service form (available at https://nysd.uscourts.gov/sites/default/files/2021-03/Consent_Pro-Se_Eservice-form.pdf).[6]

An "Amended Complaint" form is attached to this order.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to terminate the motions pending at Dkt. Nos. 9 and 11.

SO ORDERED.

Dated: October 8, 2026
New York, New York

GREGORY H. WOODS
United States District Judge

[6] If Plaintiff consents to receive documents by email, Plaintiff will no longer receive court documents by regular mail.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

____________________________________________

____________________________________________

Write the full name of each plaintiff.

-against-

____________________________________________

____________________________________________

____________________________________________

____________________________________________

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_______________

(Include case number if one has been assigned)

**AMENDED**
**COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes ☐ No

## NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I. LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐ Violation of my federal constitutional rights

☐ Other: ______________________________

## II. PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

______________________________

First Name | Middle Initial | Last Name

______________________________

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

______________________________

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

______________________________

Current Place of Detention

______________________________

Institutional Address

______________________________

County, City | State | Zip Code

## III. PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐ Pretrial detainee

☐ Civilly committed detainee

☐ Immigration detainee

☐ Convicted and sentenced prisoner

☐ Other: ______________________________

## IV. DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name Last Name Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City State Zip Code

Defendant 2:

First Name Last Name Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City State Zip Code

Defendant 3:

First Name Last Name Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City State Zip Code

Defendant 4:

First Name Last Name Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City State Zip Code

## V. STATEMENT OF CLAIM

Place(s) of occurrence: ______________________________

Date(s) of occurrence: ______________________________

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

## VI. RELIEF

State briefly what money damages or other relief you want the court to order.

## VII. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

____________________ ____________________

Dated Plaintiff's Signature

________________________________________

First Name Middle Initial Last Name

________________________________________

Prison Address

________________________________________

County, City State Zip Code

Date on which I am delivering this complaint to prison authorities for mailing: ________________