USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ___________
DATE FILED: 11/10/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RODERIC JAMES MCCORD,

Plaintiff,

-v-

CITY OF NEW YORK, *et al.*,

Defendants.

1:26-cv-3442-GHW-VF

ORDER

GREGORY H. WOODS, United States District Judge:

On November 4, 2026, Plaintiff, who is proceeding *pro se*, filed an emergency motion for a temporary restraining order, preliminary injunction, and leave to supplement his complaint under Federal Rule of Civil Procedure 15(d). Dkt. Nos. 42–43. Plaintiff alleges that, on October 28, 2026, court security officers prevented him from entering a state courthouse with specialized eyewear that he alleges he needs to hear the court proceedings. Dkt. No. 43 at 2. According to Plaintiff, a security officer called Judge Ryan, the judge presiding over Plaintiff's state court proceeding, and informed Plaintiff that Judge Ryan had stated that Plaintiff "does not deserve any ADA accommodation." *Id.* Plaintiff alleges that the officers then denied him entry to the courthouse without offering alternative accommodations. *Id.* Plaintiff also alleges that state court personnel have refused to provide him with transcripts and other records of the proceeding. *Id.*

Plaintiff seeks an injunction prohibiting state court officials from denying him entry to future court proceedings and requiring them to authorize his assistive eyewear or provide alternative hearing accommodations. *Id.* at 3. He also seeks an order compelling production of the October 28, 2026 transcripts and related court records at no cost and a declaration that his alleged exclusion from the courthouse violated Title II of the Americans with Disabilities Act ("ADA") and the Fourteenth Amendment. *Id.* Finally, Plaintiff requests leave under Rule 15(d) to supplement his

complaint with claims arising from these events, including ADA violations and violations of his constitutional rights to due process and access to the courts. *Id.* at 1–3. Because Plaintiff's requests are based on alleged misconduct in state court proceedings that are unrelated to the claims remaining in this action, his requests are DENIED.

As a threshold matter, "[i]t is inappropriate for the court to grant a request for injunctive relief that is unrelated to the claims and the defendants in the complaint." *Williams v. N.Y.C. Dep't of Corr.*, No. 19-CV-3347, 2020 WL 7079497, at *2 (S.D.N.Y. Dec. 3, 2020) (quoting *Al-Bukhari v. Semple*, 2019 WL 859264, at *3 (D. Conn. Feb. 22, 2019)). "An injunction is a remedy for a violation alleged in a complaint. It is appropriate when the intermediate relief is of 'the same character as that which relief may be granted finally,' but inappropriate where the injunction 'deals with a matter lying wholly outside the issues in the suit.'" *Williams v. N.Y.C. Dep't of Corr.*, No. 19-CV-3347, 2020 WL 7079497, at *2 (S.D.N.Y. Dec. 3, 2020) (quoting *De Beers Consol. Mines Ltd. v. United States*, 325 U.S. 212, 220 (1945)).

The only claims remaining in this action are Plaintiff's claims for false arrest and fabrication of evidence against the City of New York and the John or Jane Doe NYPD officers and his claims for malicious prosecution and municipal liability against the City for its alleged policy or practice of unlawful arrests and prosecutions. Dkt. No. 35 at 13. The Court previously dismissed Plaintiff's ADA claim against Judge Cohen in his individual capacity with prejudice under the doctrine of judicial immunity and severed and dismissed his ADA claim against the State of New York without prejudice as improperly joined. *Id.* at 11–12. The Court's prior order explained that Plaintiff's ADA claim involved "entirely different defendants, legal claims, witnesses, and evidence" from his false arrest claims and could be pursued in "a separate civil action." *Id.* at 12.

Plaintiff's present application concerns alleged ADA violations and other misconduct by state court personnel, rather than the police misconduct underlying the claims proceeding in this

action. Judge Ryan and the New York State Office of Court Administration, whose conduct Plaintiff challenges, are not parties to this action. Because the requested relief concerns matters outside the issues in this action, Plaintiff's requests for a temporary restraining order, preliminary injunction, and an order compelling production of state court records are denied. To the extent that Plaintiff seeks a declaratory judgment through this motion, that request is also denied.

Plaintiff also requests leave to supplement his complaint under Federal Rule of Civil Procedure 15(d). Rule 15(d) provides that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). "The threshold consideration for the district court is whether 'the supplemental facts connect [the supplemental pleading] to the original pleading.'" *Weeks v. New York State (Div. of Parole)*, 273 F.3d 76, 88 (2d Cir. 2001) (quoting *Quaratino v. Tiffany & Co.*, 71 F.3d 58, 66 (2d Cir. 1995)). "When there is no 'nexus between the events alleged in [the] original complaint and those alleged in [the] proposed supplemental complaint,' or if the new events did not arise 'out of the same conduct or occurrence as those in the original pleading,' leave to supplement a complaint will be properly denied." *Wang v. N.Y.C. Dep't of Youth & Cmty. Dev.*, No. 21-CV-6271, 2024 WL 1174723, at *4 (S.D.N.Y. Mar. 19, 2024) (quoting *Girard v. Collao*, No. 18-CV-2026, 2022 WL 409098, at *3 (S.D.N.Y. Feb. 9, 2022)).

Plaintiff's proposed supplemental pleading concerns alleged ADA and constitutional violations by state court officials in October 2026, which have no nexus to the surviving claims arising from Plaintiff's allegedly wrongful arrests and prosecutions by NYPD officers. The Court previously dismissed Plaintiff's ADA claim as improperly joined because it involved "entirely different defendants, legal claims, witnesses, and evidence" from the police-related claims. Dkt. No. 35 at 12. Because the proposed supplemental pleading seeks to introduce an unrelated state court

dispute, Plaintiff's request for leave to supplement is denied without prejudice to pursuing those claims in a separate action.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 43 and to mail a copy of this order to Plaintiff.

SO ORDERED.

Dated: November 10, 2026
New York, New York

GREGORY H. WOODS
United States District Judge